UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SEGUNDO QUITO, individually and on behalf of
all others similarly situated,

                                          **Case No.**

               Plaintiff,

                                           **CLASS AND**
                                           **COLLECTIVE ACTION**
                                         **COMPLAINT**

         -against-

EMMUT PROPERTIES CORP., BEST POINT        **Jury Trial Demanded**
MANAGEMENT CORP., PROPERTY LINK MGMT.,
LLC, JOHN YOUNG, and RACHEL YOUNG, in their
individual capacities,

                          Defendants.
------------------------------------------------------------------X

       Plaintiff Segundo Quito ("Plaintiff") alleges on behalf of himself and all others similarly

situated, against Emmut Properties Corp. ("Emmut Properties"), Best Point Management Corp.

("Best Point"), Property Link Mgmt., LLC ("Property Link"), John Young ("J. Young"), and

Rachel Young ("R. Young") (collectively, "Defendants"), upon information and belief, as

follows:

<u>**NATURE OF THE CLAIMS**</u>

       1.    Emmut Properties is a property management company and real estate

development firm.

       2.    Best Point provides general contracting services for residential and commercial

properties, including renovation and demolition of buildings.

       3.    Property Link Mgmt., LLC, is a furnished housing provider which offers

apartments for rent throughout New York City.

4.     Plaintiff is a long-standing employee of Defendants.  He was dedicated not only to his job but also to Defendants, as underscored by his nearly thirteen year employment at the company.  Plaintiff is a reliable and diligent worker, who agreed to work wherever and whenever he was asked by Defendants.

5.     Defendants maintained a pattern and practice of failing to pay Plaintiff the overtime rate of one-and-one half (1 ½) times the regular hourly rate for all hours worked in excess of forty per week.

6.      Defendants regularly paid Plaintiff a flat weekly salary, in cash, for all hours worked, including hours over forty for the majority of employment. This payroll scheme is an obvious and willful avoidance of Defendants' obligation to pay overtime compensation, as required under state and federal law.

7.     Defendants also failed to furnish annual wage notices and wage statements to Plaintiff and failed to maintain an accurate record keeping of hours worked and wages paid to Plaintiff.

8.     Defendants have systematically and repeatedly ignored the requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law § 190, *et seq.* ("NYLL"). Plaintiff, on behalf of himself and similarly situated employees, seeks relief for Defendants' unlawful actions, including compensation for unpaid overtime wages, liquidated damages, pre- and post-judgment interest, compensatory damages, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

9.     Plaintiff also seeks to recover damages to redress the injuries he suffered as the result of being retaliated against by Defendants for complaining about improper pay practices in violation of NYLL § 215.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 as Plaintiff resides in this district and because Defendants' businesses are located in this district.

12.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff Quito**

13.     Plaintiff was and is a resident of Bronx County, New York.

14.     From approximately July 2006 to the present, Plaintiff worked in dual capacities as a handyman and construction worker at Defendants.

15.     At all times relevant to this action, Plaintiff has been an employee engaged in commerce or the production of goods for commerce on behalf of Defendants.

16.     At all times relevant to this action, Plaintiff has been an employee of Emmut Properties, Best Point, and Property Link within the meaning of the FLSA and NYLL

**Corporate Defendants**

17.     Emmut Properties was and is a domestic business corporation organized and existing under the laws of New York, with its principle place of business located at 521 West 48th Street, Suite 1A, New York, NY 10036.

18.    Emmut Properties is a business or enterprise engaged in interstate commerce within the meaning of the FLSA.

19.    Emmut Properties has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in produced for commerce by any person.

20.    Emmut Properties has an annual gross volume of sales in excess of $500,000.

21.    At all times relevant to this action, Emmut Properties has been an employer of Plaintiff within the meaning of the FLSA and NYLL.

22.    Best Point was and is a domestic business corporation organized and existing under the laws of New York, with its principle place of business located at 521 West 48th Street, Suite 1A, New York, NY10036.

23.    Best Point is a business or enterprise engaged in interstate commerce within the meaning of the FLSA.

24.    Best Point has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in produced for commerce by any person.

25.    Best Point has an annual gross volume of sales in excess of $500,000.

26.    At all times relevant to this action, Best Point has been an employer of Plaintiff within the meaning of the FLSA and NYLL.

27.    Property Link was and is a domestic limited liability company organized and existing under the laws of New York, with its principle place of business located at 521 West 48th Street, Suite 1A, New York, NY 10036.

28.     Property Link is a business or enterprise engaged in interstate commerce within the meaning of the FLSA.

29.     Property Link has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in produced for commerce by any person.

30.     Property Link has an annual gross volume of sales in excess of $500,000.

31.      At all times relevant to this action, Property Link has been an employer of Plaintiff within the meaning of the FLSA and NYLL.

**Individual Defendants**

32.     Defendant J. Young, upon information and belief, was and is a resident of the State of New York.

33.     At all times relevant to this action, Defendant J. Young served as a principal, officer, owner and/or manager of Emmut Properties, Best Point and Property Link.

34.     At all times relevant to this action, Defendant J. Young was Plaintiff's supervisor and/or manager during his employment with the Defendants.

35.     Defendant J. Young possesses or possessed operational control and policy making authority, an ownership interest, or significant control of Emmut Properties, Best Point and Property Link.

36.     Defendant J. Young exercised the power and authority to hire and fire employees, establish the rate and method of pay of employees, determine work schedules, control labor relations and personnel policies, maintain employment records, and determine terms and conditions of employment of Plaintiff, the FLSA Collective and the Rule 23 Class.

37.     Employees of Emmut Properties, Best Point and Property Link could complain to Mr. Young directly regarding any of the terms of their employment, and Defendant J. Young would have the authority to effect any changes to the quality and terms of their employment.

38.     The acts of Emmut Properties, Best Point and Property Link charged in this Complaint were authorized, directed or accomplished by Defendant J. Young individually, by himself or his agents, officers, employees or representatives, while actively engaged in the management Emmut Properties, Best Point and Property Link.

39.     Defendant J. Young is personally and jointly and severally liable for the violations of the FLSA and NYLL by Emmut Properties, Best Point and Property Link.

40.     Defendant R. Young, upon information and belief, was and is a resident of State of New York.

41.     At all times relevant to this action, Defendant R. Young served as a principal, officer, owner and/or manager of Emmut Properties, Best Point, and Property Link.

42.     Defendant R. Young possesses or possessed operational control and policy making authority, an ownership interest, or significant control of Emmut Properties, Best Point, and Property Link.

43.     Defendant R. Young exercised the power and authority to hire and fire employees, establish the rate and method of pay of employees, determine work schedules, control labor relations and personnel policies, maintain employment records, and determine terms and conditions of employment of Plaintiff, the FLSA Collective and the Rule 23 Class.

44.     Employees of Emmut Properties, Best Point, and Property Link could complain to Ms. Young directly regarding any of the terms of their employment, and Defendant R. Young would have the authority to effect any changes to the quality and terms of their employment.

45.     The acts of Emmut Properties and Best Point charged in this Complaint were authorized, directed or accomplished by Defendant R. Young individually, by herself or her agents, officers, employees or representatives, while actively engaged in the management of Emmut Properties, Best Point, and Property Link.

46.     Defendant R. Young is personally and jointly and severally liable for the violations of the FLSA and NYLL by Emmut Properties, Best Point, and Property Link.

**Defendants Are Joint Employers of Plaintiff**

47.     At all times relevant to this action, and as a matter of economic reality, Defendants are employers and/or joint employers of Plaintiff and similarly situated employees within the meaning of the FLSA and NYLL.

48.     Facts that demonstrate that Defendants are Plaintiff's employers include:

a.      Defendants all suffered or permitted Plaintiff and similarly situated employees to work.

b.      Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

c.      Defendants all simultaneously benefitted from Plaintiff's work.

d.      Defendants each had either functional and/or formal control over the terms and conditions of work of Plaintiff and similarly situated employees.

e.      Plaintiff and similarly situated employees performed work integral to each Defendant's operation.

f.      Each Defendant had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

49.     Defendants' operations are interrelated and unified.

50.     Defendants share a common management and is centrally controlled and/or owned by Defendants.

51.     Emmut Properties, Best Point, and Property Link all share the same office address of 351 West 48th Street, Suite 1A, New York, New York 10036.

52.     Upon information and belief, all employees of any individual corporate Defendant are employees of all corporate Defendants.

53.     According to her LinkedIn profile (https://www.linkedin.com/in/rachel-young-cfa-39292362), Rachel Young is a Managing Partner at "Emmut Properties Corp." and has been since 2000.  Upon information and belief, Defendant R. Young resides in a building owned by Defendant J. Young and/or the named corporate Defendants, located at 165 East 89th St., New York, NY 10128.

54.     On Emmut Properties' website (https://www.emmutcorp.com), it provides a direct link to Property Link's website for apartment rental services.

55.     Defendant J. Young directed, managed, and supervised employees at Emmut Properties, Best Point and Property Link each day.

56.     Defendant J. Young distributed to Plaintiff his salary each week whether he worked at Emmut Properties or Best Point.

57.     Plaintiff, and other employees, were transferred and shared between Emmut Properties and Best Point.  Employees of Defendants including, but not limited to: Plaintiff, Ismael Villanueva, Eduardo Hernandez, Segundo Aucacama, and Carlos Quito work or have worked interchangeably between Emmut Properties and Best Point locations.

58.     Indeed, during Plaintiff's employment with Defendants, Defendants directed Plaintiff to work as either a handyman and construction worker at various times as needed at either Emmut Properties or Best Point Management.

## FLSA COLLECTIVE ALLEGATIONS

59.     Plaintiff brings claims for relief as a collective action pursuant to the FLSA, 29 U.S.C § 216(b), on behalf of all non-exempt employees of Emmut Properties, Best Point, and Property Link, including handymen, superintendents, and construction workers employed by Defendants at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

60.     The FLSA Collective consists of approximately 50 similarly situated current and former non-exempt employees of Emmut Properties, Best Point, and Property Link, who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA, *inter alia*, by denying them overtime pay and other monies.

61.     As part of their regular business practices, Defendants have intentionally, willfully, repeatedly, and in bad faith harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, the following:

    a.  Failing to pay Plaintiff and the FLSA Collective the proper overtime pay for all
        hours worked over forty per week.

62.     Defendants have engaged in this unlawful conduct pursuant to a policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

63.     Defendants' unlawful conduct has been intentional, willful, in bad faith and has caused damage to Plaintiff and the FLSA Collective.

64.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable by Defendants, and are

locatable through Defendants' records, which Defendants are required to maintain pursuant to the FLSA and NYLL. These similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

65.     Plaintiff brings claims for relief as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class consisting of himself and all current and former non-exempt employees of Emmut Properties, Best Point, and Property Link, including but not limited to handymen, superintendents, and construction workers, at any time six years prior to the filing of this action through the entry of judgment in this action (the "Rule 23 Class").

66.     The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable. The exact number of the Rule 23 Class is unknown to Plaintiff at this time, but there are believed to be 50 such persons.

67.     The identities of the Rule 23 Class members are known to the Defendants and are contained in the employment records that the Defendants are required to create and maintain pursuant to the FLSA and NYLL.

68.     Commons questions of law and fact exist as to all members of the Rule 23 Class that predominate over any questions affecting solely individual members.  Among the questions of law and fact common to the Rule 23 Class are:

    a. Whether Defendants failed to pay the Rule 23 Class overtime compensation at a rate of one and one half times their regular hourly rate/applicable minimum wage rate for all hours worked over 40 in a workweek in violation of the NYLL;

    b. Whether Defendants failed to furnish the Rule 23 Class with an accurate statement of all wages, hours worked, rates paid, and gross wages as required by the NYLL and supporting regulations;

c. Whether Defendants failed to furnish the Rule 23 Class with wage notices as required by the NYLL and supporting regulations; and,

d. Whether Defendants failed to keep true and accurate pay records, records for all hours/shifts worked by the Rule 23 Class, and other records required by the NYLL.

69.     The claims of Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the Rule 23 Class work or have worked for Defendants within the six years prior to the filing of this action. They enjoy the same statutory rights under the NYLL to be paid overtime wages for all hours worked in excess of 40 in a workweek, to be given wage notices at the time of hire and annually, and to be issued wage statements at the end of each pay period. Plaintiff and the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

70.     Plaintiff and Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

71.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

72.     Plaintiff has retained counsel competent and experienced in wage and hour litigation and class action litigation.

73.     There are no conflicts between Plaintiff and the Rule 23 Class members.

74.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough

examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.

75.     In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

76.     This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

### PLAINTIFF'S FACTUAL ALLEGATIONS

77.     On or about July 2006, Plaintiff commenced employment at Emmut Properties as a construction worker at a construction site located at 165 East 39th Street, New York, New York 10016.  Plaintiff's duties included performing general construction labor on behalf of Defendants at locations including, but not limited to:

      a.  698 10th Avenue, New York, NY 10019

      b.  165 East 89th Street, New York, NY 10128

      c.  417 West 54th Street, New York, NY 10019

78.     On or about June 2009, Mr. Young reassigned Plaintiff to work as a handyman at various residential buildings.

79.     In his role as a handyman, his duties included but were not limited to, repairing various items within apartment units, snow removal, emptying trash compactors and recycling bins, and cleaning the inside and outside of the premises.  Plaintiff was also responsible for conducting basic plumbing and electrical repairs, as necessary.

80.     Throughout the duration of his employment with Defendants, Plaintiff was a non-exempt employee.

81. Throughout the duration of his employment with Defendants, Plaintiff performed his duties and responsibilities satisfactorily.

82. From approximately June 2009 to January 2013:

   a. Plaintiff was directed to work as a handyman at two residential buildings located at 626 10th Avenue, New York, New York 10036 and 407 West 51st Street, New York, New York 10019.

   b. Plaintiff worked about 6 days per week, Monday through Friday, from 9:00 a.m. to 6:00 p.m., and Saturday, 9:00 a.m. to 5:00 p.m., for a total of 53 hours per week.

   c. Plaintiff was paid a flat weekly salary of $510.00 per week in cash.

   d. Plaintiff reported to Defendant J. Young and Alice Tan ("Ms. Tan"), Manager.

83. From approximately February 2013 to July 2015:

   a. Plaintiff's workload increased as he became the handyman for a total of five residential buildings located at:

      i. 626 10th Avenue, New York, NY 10019

      ii. 407 West 51st Street, New York, NY 10019

      iii. 521 West 48th Street, New York, NY 10036

      iv. 145 Mulberry Street, New York, NY 10013

      v. 331-333-337 Broome Street, New York, NY 10002

   b. Plaintiff worked about 6 days per week, Monday through Friday, from 9:00 a.m. to 6:00 p.m., and Saturday, 9:00 a.m. to 5:00 p.m., for a total of 53 hours per week.

   c. Plaintiff was paid a flat weekly salary of $630.00 per week in cash.

d.  Plaintiff reported to Defendant J. Young, Ms. Tan, and Damaris Morales, Manager.

84.  From approximately August 2015 to September 13, 2018:

a.  Plaintiff's workload further increased and he became the handyman for a total of seven residential buildings, located at:

  i.  626 10th Avenue, New York, NY 10019

  ii.  407 West 51st Street, New York, NY 10019

  iii.  521 West 48th Street, New York, NY 10036

  iv.  145 Mulberry Street, New York, NY 10013

  v.  331-333-337 Broome Street, New York, NY 10002

  vi.  136-138 Bowery Street, New York, NY 10013

  vii.  165 East 89th Street, New York, NY 10128

b.  Plaintiff worked approximately 6 days per week, Monday through Friday, 9:00 a.m. to 6:00 p.m., and Saturday, 9:00 a.m. to 1:00 p.m., for a total of 49 hours per week.

c.  From approximately August 2015 to February 2018, Plaintiff was paid a flat weekly salary of $660.00 per week in cash.

d.  From approximately March 2018 to October 14, 2018, Plaintiff's was paid a flat weekly salary of $720.00 per week in cash.

e.  Plaintiff reported to Defendant J. Young, Charity Smith ("Ms. Smith"), Operations Manager, and Jeniffer Suarez ("Ms. Suarez"), Manager.

85.     In or about April 2018, Plaintiff complained to Defendant J. Young about his wages and requested to be provided a document memorializing his rate of pay and number of hours worked.

86.     Defendant J. Young was dismissive of Plaintiff and advised him to speak to Ms. Smith.

87.     Ms. Smith, however, only provided an employment verification letter which did not disclose Plaintiff's hourly rate of pay, overtime pay or hours worked.

88.     In or about September 2018, Plaintiff complained to Ms. Suarez that he was not being paid proper wages and requested a raise. He further stated that he should be paid via check with the proper taxes deducted and again requested to be provided a document showing how many hours he had been working.

89.     Ms. Suarez stated that she was going to discuss Plaintiff's complaints with Defendant J. Young.

90.     From on or about September 14, 2018 to October 14, 2018, Plaintiff went on a scheduled vacation. This was his first vacation in twelve years.

91.     Upon his return, Plaintiff was advised that he was stripped of his duties as a handyman and would now be assigned to perform laborious tasks at a construction site for Best Point.

92.     Plaintiff was advised by Hasam (last name currently unknown), Manager, that Defendant J. Young sought to replace Plaintiff.

93.     As such, from on or about October 15, 2018 to present:

    a.   Plaintiff works at a construction site located at 433 West 53rd Street, New York, NY 10019.

b. Plaintiff worked approximately 6 days per week, Monday through Friday, 7:00 a.m. to 4:00 p.m., and Saturday, 9:00 a.m. to 5:00 p.m., for a total of 53 hours per week.

c. From on or about October 15, 2018 to November 12, 2018, Plaintiff was paid a flat weekly salary of $780.00 per week in cash.

d. From on or about November 13, 2018 to present, Plaintiff is paid a portion of his salary by check ($311.48) and the remainder in cash ($430.00).

94. On or about November 13, 2018, Plaintiff expressed that he wished to be paid via check only. Defendant J. Young, however, only agreed to pay Plaintiff a portion of his salary by check.

95. On or about December 6, 2018, Plaintiff complained that he was not being paid overtime pay and tax and other deductions were not being withheld in accordance to state and federal law.

96. As a result of Plaintiff's complaint, Defendants took the following retaliatory action:

a. Defendants reduced Plaintiff's maximum hours to 45 hours per week, and at one point, further reduced his hours to as little as 9 hours per week.

b. Upon information and belief, Defendants gave a raise to all employees with titles and/or duties and responsibilities similar to Plaintiff's, except for Plaintiff.

c. On days when Plaintiff's usual work site is not operational, Defendants do not reassign Plaintiff to another location, as they do other similar employees, leaving Plaintiff with no paid work.

d.  Defendants disproportionately assign Plaintiff physically onerous tasks, such as moving heavy machinery and heavy metals.

97.  Throughout the duration of his employment with Defendants, Plaintiff regularly worked more than 40 hours per week but was not paid overtime pay at the time-and-one-half rate by Defendants.

98.  Defendants failed to keep accurate records of wages earned or hours worked by Plaintiff.

99.  Defendants failed to furnish Plaintiff with annual wage notices, as required under the NYLL.

100.  Defendants failed to furnish Plaintiff with accurate statements of wages, hours worked, and rates paid at the end of each pay period, as required under the NYLL.

101.  Plaintiff received his salary every Friday with no accompanying statement to indicate his hourly rate, number of regular hours worked, overtime hours worked, and tax and other deductions taken from gross pay.

**FIRST CAUSE OF ACTION**
**Fair Labor Standard Act – Unpaid Overtime**
**(On Behalf of Plaintiff and the FLSA Collective)**

102.  Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

103.  Defendants are employers within the meaning of 29 U.S.C §§ 203(e) and 206(a), and employed Plaintiff.

104.  Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours worked in excess of 40 hours in a workweek.

105. Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

106. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

107. Defendants' violations of the FLSA described above have been willful, and therefore, a three year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

108. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**New York Labor Law – Overtime Wages**
**(On Behalf of Plaintiff and the Rule 23 Class)**

109. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

110. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff and other non-exempt employees one and one half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours they worked in excess of forty.

111. Defendants failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

112. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

113.  As a result of Defendants willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1), *et seq.*

### THIRD CAUSE OF ACTION
**New York Labor Law – Wage Theft Prevention Act**
**(On Behalf of Plaintiff and the Rule 23 Class)**

114.  Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

115.  Defendants violated NYLL § 195(1) by failing to furnish Plaintiff and the Rule 23 Class, at the time of hiring and on or before February 1st of each subsequent year of employment (when applicable), with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designed by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office of principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

116.  Due to Defendants' violations of NYLL§ 195(1), Plaintiff and the Rule 23 Class are each entitled to statutory penalties of $50.00 for each workday that Defendants failed to provide wage notices, up to a maximum of $5,000 each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided by NYLL § 198(1-b).

117.  Defendants violated NYLL § 195(3) by failing to furnish Plaintiff and the Rule 23 Class with each payment of wages and accurate statement listing the dates of work covered by that payment or wages; name of employee; name of employer; address and phone number of

employer; rate of rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages, deductions, allowances, if any, claimed as part of the minimum wage; and net wages.

118.    Through their failure to provide Plaintiff and the Rule 23 Class with wage statements as required by the NYLL, Defendants have violated NYLL § 190, *et seq*. and the supporting New York State Department of Labor Regulations.

119.    Due to Defendants' violation of NYLL § 195(3), Plaintiff and the Rule 23 Class are each entitled to statutory penalties of $250.00 for each workweek that Defendants failed to provide them with accurate wage statements, or a total of $5,000 each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL § 198(1-d).

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Recording Keeping Violations**
**(On Behalf of Plaintiff and the Rule 23 Class)**

120.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

121.    At all times relevant to this action, Defendants were and are required to establish, maintain and preserve for not less than six years, weekly payroll records that show for each employee, among other information, true and accurate payroll records and the number of hours worked daily and weekly, including the time of arrival and departure of each employee. NYLL § 195(4); 12 N.Y.C.R.R. § 142-2.6.

122.    Defendants violated the applicable NYLL and NYCRR provisions by not maintaining and preserving Plaintiffs' time of arrival and departure.

## FIFTH CAUSE OF ACTION
### NYLL – Retaliation
### (On Behalf of Plaintiff)

123.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

124.    Plaintiff was an employee of Defendants within the meaning of the NYLL.

125.    Defendants are employers within the meaning of the NYLL.

126.    NYLL § 215(1) states, in part, "No employer or his or her agent, or the officer of agent of any corporation, partnership, or limited liability company…shall discharge, threaten, penalize or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer…or his or her authorized representative…that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter…[or] (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter…or (v) because such employee has otherwise exercised rights protected under this chapter…"

127.    While employed by the Defendants, Plaintiff complained to the Defendants about Defendants' practice, policy and procedure of not being paid proper wages.

128.    Plaintiff's complaints to Defendants constitute protected activity under NYLL § 215.

129.    A causal connection exists between Plaintiff's complaints of improper pay practices and misclassification, and Defendants' decision to terminate his employment.

130.    Defendants violated NYLL § 215 by retaliating against Plaintiff by reducing Plaintiff's hours, excluding Plaintiff from receiving a raise given to other similarly titled employees, reducing Plaintiff's work opportunities, and punitively assigning Plaintiff more

physically demanding tasks due to his complaints to Defendants about their unlawful pay practices, policies and procedures.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff individually, and on behalf of the FLSA Collective and Rule 23 Class, respectfully request that this Court grant the following relief:

A. Designating this action as a collective action on behalf of the FLSA Collective and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated non-exempt employees and appointing Plaintiff and his counsel to represent the FLSA Collective. Such notice shall inform them that this civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied proper wages.

B. Certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Rule 23 Class and appointing Plaintiff and his counsel to represent the class;

C. An order tolling the statute of limitations;

D. A declaratory judgment that the practices complained of herein are unlawful under applicable state and federal law;

E. Declaring that Defendants violated the overtime provisions of the FLSA, NYLL, and supporting New York State Department of Labor Regulations;

F. Declaring that Defendants violated the notice provisions of the NYLL and Wage Theft Prevention Act;

G. Declaring that Defendants violated the anti-retaliation provisions of the NYLL by reducing Plaintiff's hours, excluding Plaintiff from receiving a raise, reducing Plaintiff's work opportunities, and assigning Plaintiff more physically demanding tasks, due to his complaints of unlawful pay practices, policies, and procedures, and awarding Plaintiff a recovery for damages sustained;

H. Enjoining future violations of the FLSA and NYLL by Defendants;

I. Declaring that Defendants' violations of the FLSA and NYLL were willful;

J. Awarding Plaintiff, the FLSA Collective and Rule 23 Class unpaid overtime wages;

K. Awarding Plaintiff and the Rule 23 Class statutory penalties for Defendants failure to furnish wage notices and/or wage statements pursuant to the NYLL.

L. Awarding Plaintiff, the FLSA Collective and Rule 23 Class liquidated and/or punitive damages in amount equal to the total amount of wages found to be due, pursuant to the FLSA and NYLL;

M. Awarding Plaintiff, the FLSA Collective and Rule 23 Class, reasonable attorney's fees, costs and expenses of the action under the FLSA and NYLL; and,

N. Awarding Plaintiff, the FLSA Collective and Rule 23 Class pre-judgment and post-judgement interest under the FLSA and NYLL; and

O. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.


Dated:  July 25, 2019
       New York, New York

                                       **AKIN LAW GROUP PLLC**

                                        */s/ Justin Ames*
                                        _____
                                        Justin Ames, Esq.
                                          Zafer Akin, Esq.
                                          45 Broadway, Suite 1420
                                          New York, NY 10006
                                          Telephone: (212) 825-1400
                                          *Attorneys for Plaintiff*